[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The above-captioned matter comes to this Court on Defendant's post-judgment motion seeking a modification of child support orders currently in effect for the support of the parties' two minor children (presently six and seven years of age). The parties' marriage was dissolved pursuant to a decree entered on February 29, 1996 which further provided, inter alia, that the Plaintiff have custody of the two minor children and that the CT Page 1643 Defendant pay to her the sum of $56.00 per week for their support (which sum purported to be in accordance with the Connecticut Child Support Guidelines).
The Defendant now moves, pursuant to motion dated November 5, 1997, to modify the aforesaid child support order. It should be noted, preliminarily, that the motion is defective in merely alleging a substantial change in circumstances (the appropriate legal standard for modification) without specifying the nature of the alleged change. The recently revised Practice Book rules regarding family matters, which took effect prior to the filing of the instant motion, require that any motion for modification "state the specific factual and legal basis for the claimed modification and . . . include the outstanding order and date thereof to which the motion for modification is addressed." Practice Book § 1227(e). Defendant's motion fails to set forth the required information. Notwithstanding this failure to adhere to our rules of practice, the Court, having been apprized of the factual basis for the relief sought and in the interests of judicial economy, will address the merits of the motion.[1]
The Defendant, subsequent to the entry of the decree, was arrested on and pleaded guilty to felony assault charges. He is currently incarcerated and will remain so for approximately two-and-a-half years during which time he will be unable to generate income as he has in the past. It is this reduction in income which serves as the basis for Defendant's claim that there has been a substantial change in circumstances warranting a modification of the current child support order.
The issue of whether an obligor's loss of income due to incarceration constitutes a substantial change in circumstances warranting a modification of a support order is one which has not been specifically addressed by our appellate courts. There is no consensus amongst the lower courts of this state that have considered the issue; see Scapin v. Scapin, 20 CONN. L. RPTR. 348 (July 28, 1997, Lifshitz, F.S.M.) and cases cited therein; and courts in other states are similarly divided. See F. Wozniak, Annot., Loss of Income Due to Incarceration as Effecting ChildSupport Obligation, 27 A.L.R. 5th 540 (1992), and Scapin, supra,
at p. 349.
In a relatively recent Superior Court decision, the court (Zarella, J.) conducted a thorough and thoughtful analysis of this issue and concluded that the obligor should not be relieved CT Page 1644 of his support obligation during the period of his incarceration.Charette v. Charette, 19 CONN. L. RPTR. 187 (April 30, 1997).[2] The court there considered, and rejected for reasons which this Court finds to be sound, the various rationales upon which child support obligors have been granted relief as a result of incarceration. Although not bound by the decision of a coordinate court, this Court is persuaded by the sound reasoning in Charette that individuals such as the Defendant not be relieved of their child support obligation when, through their own misconduct, they are incarcerated. As the court in Charette
observed, granting relief under such circumstances would run afoul of the principles established by our Supreme Court inSanchione v. Sanchione, 173 Conn. 397, 378 A.2d 522 (1977):
 [W]e emphasize again that modification is not warranted unless there has been a substantial change in the circumstances of either party occurring subsequent to the entry of the original decree . . . "Inability to pay" does not automatically entitle a party to a decrease of an alimony order. It must be excusable and not brought about by the defendant's own fault.
Sanchione, at p. 407. The Court went on to observe that the record was insufficient to determine "whether [the husband's] inability to pay was a result of his own extravagance, neglect,misconduct or other unacceptable reason . . ." (Emphasis added).Sanchione, at p. 407.[3] An "inability to pay" occasioned by an obligor's arrest, conviction and incarceration for a criminal offense can scarcely be characterized as "excusable and not brought about by the defendant's own fault." To the contrary, an "inability to pay" occasioned by the obligor's arrest, conviction and incarceration for a minimal offense squarely falls within the ambit of "misconduct or other unacceptable reason" as that term was used in Sanchione.
The Court also believes, as observed in Charette, supra, that relieving the Defendant of his child support obligation during the period of his incarceration inequitably places the entire support obligation on the Plaintiff. Giving relief to the Defendant under the present circumstances would relieve him, at least in part, of the consequences of his misconduct at the expense of the Plaintiff. The support arrearage accrued during the Defendant's incarceration can be paid down subsequent to his release through weekly arrearage payments in addition to the CT Page 1645 weekly support payments which he will be making at that time. It appears, from a review of the court file, that the Plaintiff has limited resources. The children will still be quite young when the Defendant is released and his payment at that time of support funds which are presently accruing will, in light of the Plaintiff's limited means, clearly inure to the benefit of the children and improve the quality of their lives.[4]
Accordingly, the Defendant's motion for modification is denied. The Defendant's support payments will continue to accrue during the period of his incarceration with the accrued arrearage to be repaid in accordance with an arrearage order to be determined at a hearing to be held following his release. Commencing one month following Defendant's release, he shall resume payments of the current support order with a further payment of $10.00 per week toward the accrued arrearage until such time as the above-mentioned hearing is held to establish the amount of the arrearage and enter orders regarding payment of the same.[5]
Solomon, J.